J-S10007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ARKEL GARCIA | : | |
| | : | |
| Appellant | : | No. 1983 EDA 2022 |

Appeal from the PCRA Order Entered July 22, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004845-2015

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED MAY 15, 2023**

Arkel Garcia appeals from the order entered in the Philadelphia County Court of Common Pleas on July 22, 2022, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. Because we agree with the PCRA court that Garcia's petition was untimely and he failed to plead and prove an exception to the PCRA time-bar, we affirm the PCRA court's order denying the PCRA petition.

On November 5, 2015, Garcia entered an open guilty plea to aggravated assault and disarming a law enforcement officer. The factual basis for the plea, as set forth by the Commonwealth, described Garcia's instigation of a courtroom fracas. Earlier that same year, on February 17, 2015, a jury found Garcia guilty of second-degree murder. When the Judge asked Garcia to rise after the verdict was issued, Garcia shoved his chair back, striking a sheriff.

When the sheriff attempted to remove Garcia from the courtroom, a struggle ensued. Garcia subsequently punched the sheriff and attempted to wrestle his gun from its holster, while yelling expletives. The weapon was eventually secured and Garcia was taken into custody.

The trial court sentenced Garcia to an aggregate term of five years and one day to fifteen years' incarceration, to run concurrently to the murder sentence of life imprisonment. Garcia did not file any post-sentence motions or a direct appeal.

On June 4, 2021, Garcia's murder conviction was vacated. Garcia subsequently filed a request for parole under the instant docket, as he had already served the minimum term of his sentence. The request was denied based on numerous reasons including unacceptable compliance with institutional programs, institutional behavior including reported misconduct, and level of risk to the community. **See** Notice of Board Decision, 10/19/21.

On November 17, 2021, Garcia filed the instant, counseled PCRA petition, alleging his guilty plea was unknowing and involuntary based on the new fact of his exoneration. The Commonwealth filed a motion to dismiss, arguing the petition is time-barred and meritless. After receiving Garcia's response, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court later dismissed the petition as untimely. This timely appeal followed.

Prior to reaching the merits of Garcia's claims on appeal, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Since Garcia did not file a post-sentence motion or a direct appeal, his judgment of sentence became final on December 9, 2015, when his time for seeking direct review with this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (judgment of sentence becomes final "at the conclusion of direct review … or at the expiration of time for seeking the review"). Therefore, Garcia had until December 9, 2016, to timely file a PCRA petition in this matter. The instant petition – filed almost 5 years later – is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Garcia's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

In his petition, Garcia asserts he meets the requirements of Section 9545(b)(1)(ii), i.e., the newly discovered fact exception to the PCRA's time-bar, "because the consequences of pleading guilty to the charges stemming from his courtroom outburst were not known to [Garcia] until he was exonerated in June of 2021." PCRA Petition, 11/7/21, at 8.

Section 9545(b)(1)(ii) "requires [a] petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of "due diligence." *See Commonwealth v. Bennett*, 930 A.2d 1264, 1270-72 (Pa. 2007). "The focus

- 4 -

of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation and brackets omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted). Further, the "fact" on which the petitioner predicates his claim to an exception to the time-bar must bear some logical connection to a plausible claim for relief. ***See Commonwealth v. Robinson***, 185 A.3d 1055, 1062 (Pa. Super. 2018) (*en banc*).

Here, Garcia argues he should be able to withdraw his guilty plea related to his courtroom outburst based on the newly discovered fact that his murder conviction was overturned. While Garcia's outburst occurred at the close of his murder trial, this is the only connection between the two cases. Otherwise, the facts of each case are independent. New facts regarding his murder conviction simply cannot be used as new facts regarding his plea to aggravated assault and disarming a law enforcement officer.

Notably, Garcia does not argue his innocence for the relevant convictions. ***See*** Appellant's Brief, at 8. On the contrary, he admits that his "subsequent exoneration does not excuse" his conduct in the courtroom, but merely "sheds light on his intent to commit aggravated assault." Appellant's

Brief, at 14. While we recognize the unfortunate circumstances regarding Garcia's murder conviction, those circumstances are not a legal justification for Garcia's acts which support his aggravated assault and disarming a law enforcement officer convictions. And while the circumstances may help explain his behavior, they do not negate his admission that he acted willfully in assaulting and attempting to disarm the deputy sheriff. At that point in time, Garcia still had all appellate avenues available to him for fighting his murder conviction. Our laws simply do not allow an individual to punch an officer in open court and/or attempt to take that officer's weapon.

Further, Garcia's substantive claim of trial counsel ineffectiveness cannot support an exception to the time-bar either. *See Commonwealth v. Mitchell*, 141 A.3d 1277, 1284-85 (Pa. 2016). Garcia attempts to couch the same claim in terms of ineffective assistance of plea counsel for failure to advocate for him during the plea hearing, based on his new knowledge that his murder conviction was later overturned. However, attempts to utilize ineffective assistance of counsel claims as a means of escaping the jurisdictional time requirements for filing a PCRA petition have been regularly rejected by our courts. *See Commonwealth v. Gamboa–Taylor*, 753 A.2d 780, 785 (Pa. 2000) (claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits); *see also Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999).

As the PCRA court properly concluded Garcia's PCRA petition was untimely and does not fall under an exception to the PCRA time bar, we affirm the PCRA court's order dismissing the petition.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2023